## JAMES TIBBS V. STATE

No. 32,599. January 11, 1961

McDONALD, Judge, not participating.

*Hattie E. Briscoe*, San Antonio 5, for appellant.

*Charles J. Lieck, Jr.*, Criminal District Attorney, *Felipe Chavarria, Jr., Harry A. Nass, Jr.*, Assistants Criminal District Attorney, San Antonio, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for negligent homicide in the first degree; the punishment, nine months in jail.

The information alleged that the appellant, while lawfully

operating an automobile, was negligent in several respects and further alleged that while so operating the automobile he drove it "into and against the said Gary Wilks" thereby inflicting serious bodily injury resulting in the death of said Gary Wilks.

It is undisputed that the automobile appellant was driving east on the south side of an east-west expressway struck the south curb, then travelled to the left striking a traffic island six to eight inches high and from two and one-half to three feet wide, overturned and came to rest partly on the island and partly in the south lane of the two lanes on the north side; and that the automobile traveling west, in which the deceased was riding as a passenger, skidded thirty-nine feet before striking appellant's automobile resulting in the deceased's death.

The proof fails to correspond with and support the material allegations in the information. All the evidence, both for the state and the appellant, shows that the appellant did not, as alleged, drive his automobile into and against Gary Wilks thereby inflicting serious bodily injury restulting in his death.

The failure of the proof introduced to support the material allegations in the information calls for a reversal. Fuller v. State, 120 Tex. Cr. Rep. 66, 48 S.W. 2d 303; Fannin v. State, 168 Tex. Cr. Rep. 593, 331 S.W. 2d 47.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

McDonald, J. not participating.