**Luiz ORTIZ, Appellant,**

v.

**The STATE of Texas.**

**No. 01–83–0061–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 27, 1983.

J.C. Castillo, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before EVANS, C.J., and WARREN and BASS, JJ.

OPINION

EVANS, Chief Justice.

The trial court found the appellant guilty of involuntary manslaughter and sentenced him to two years imprisonment. We affirm the trial court's judgment.

The appellant asserts four grounds of error. In his first two grounds the appellant contends that the State failed to prove by competent evidence that the deceased was the person named in the indictment, and that a fatal variance exists between the name of the deceased alleged in the indictment and the name elicited through evidence admitted at trial.

The indictment alleges that the appellant did unlawfully

while intoxicated operate a motor vehicle and by accident and mistake and by reason of the intoxication of the Defendant cause his vehicle to collide with a fixed object, causing the death of DAVID CORTES OLIVO, hereafter styled the Complainant, a passenger in the vehicle operated by the Defendant, and the Defendant did cause his vehicle to collide with a fixed object, recklessly causing the death of DAVID CORTES OLIVO, hereafter styled the Complainant, a passenger in the vehicle operated by the Defendant, by striking a guardrail.

The appellant contends that the State failed to establish the proper predicate for admission into evidence of the Medical Examiner's Postmortem Examination Report and the Certificate of Death, and that such

documents were, in any event, inadmissible as hearsay because there was no showing that the person preparing such reports had personal knowledge of the deceased's name. The State responds that the testimony of the investigating police officer was sufficient to clarify any variance between the indictment and the proof, and that such testimony was also competent proof in itself of the deceased's identity.

The Harris County Medical Examiner's Certificate of Death and Postmortem Examination Report, which were admitted over appellant's objection, identified the deceased as "David Olivo Cortez." However, a Houston police officer who investigated the accident testified, over appellant's objection, that he found in the deceased's wallet a Mexican birth registration form bearing the name "David Cortez Olivo." He also testified that through discussion with the defendant, he learned that the deceased's name was "David Cortez Olivo." The officer further testified that the autopsy photographs depicted the same body as that which he saw at the scene of the accident.

■ The police officer's testimony regarding what the appellant told him about the deceased's identity was admissible as an exception to the hearsay rule. *Weems v. State*, 148 Tex.Cr. 154, 185 S.W.2d 431 (1945). The officer's testimony identifying the autopsy pictures of the deceased's body with that observed at the accident site was also admissible. *Reese v. State*, 142 Tex.Cr. 254, 151 S.W.2d 828, 836 (1941). We do not view the minor variance in spelling of the victim's middle name in the indictment ("Cortes") and that reflected in the statement of facts ("Cortez") as being material. *Vaughn v. State*, 608 S.W.2d 237 (Tex.Cr. App.1980).

We overrule the appellant's first and second grounds of error.

In his third ground of error, the appellant asserts a claim of double jeopardy based upon the trial court's interruption of the trial, after the first witness had been sworn and questioned, for the purpose of arraignment.

The record shows that during the State's examination of its first witness, the trial court, believing that the appellant had not been formally arraigned, interrupted the proceedings *sua sponte* to conduct an arraignment of the appellant. Actually, the appellant had been arraigned six months earlier and his plea of not guilty entered at that time.

The appellant made no objection to the trial court's action, and he submitted no special plea as required by TEX.CODE CRIM.PROC.ANN. art. 27.05 (Vernon Supp. 1983). However, he now argues that the trial court violated his constitutional protection against double jeopardy as guaranteed by the Fifth Amendment of the United States Constitution, and he argues that such protection may not be denied merely because he failed to comply with the provisions of art. 27.05. In support of this position, appellant cites *Duckett v. State*, 454 S.W.2d 755 (Tex.Cr.App.1970).

■ We overrule appellant's contention of double jeopardy because the record does not reflect that there were two separate and distinct trial proceedings on the charge in question. The trial court did not terminate the proceeding, as the appellant argues; to the contrary, the court only called for a brief interruption of the proceeding so that the appellant could be informed of the charges against him and given the opportunity to reconsider his plea. When that was accomplished, the State's witness was recalled to the stand and the trial proceeded.

■ A primary purpose of the double jeopardy clause is to protect a defendant's right to have his trial completed by a particular tribunal. *United States v. Jorn*, 400 U.S. 470, 484, 91 S.Ct. 547, 556, 27 L.Ed.2d 543 (1971). In the case at bar, the appellant elected to have a trial before the court without a jury, and that is exactly what was done. Had the trial been to a jury, it would have been essential to have the indictment read aloud and the plea of the accused stated in open court. TEX.CODE CRIM.PROC.ANN. art. 36.01 (Vernon 1981); *Peltier v. State*, 626 S.W.2d 30 (Tex.

Cr.App.1981); *Castillo v. State,* 530 S.W.2d 952 (Tex.Cr.App.1976). While this procedure is apparently not mandated in a non-jury trial, *see Clardy v. State,* 436 S.W.2d 535 (Tex.Cr.App.1968), the trial court was prudent to take such steps before hearing further testimony. There is no suggestion that the State received any advantage or that the appellant suffered any harm as a result of the trial court's action. Appellant's third ground of error is overruled.

In his fourth ground of error, the appellant contends that the evidence is insufficient to sustain his conviction because there was no proof that the victim's death was caused by the automobile striking the guard rail as alleged in the indictment. In support of his contention, he cites *Tibbs v. State,* 170 Tex.Cr. 424, 341 S.W.2d 932 (1961), in which it was held that the proof failed to support the information alleging that the defendant drove his automobile into the deceased. The circumstances in *Tibbs* are distinguishable from those in the case at bar because in that case the evidence showed that the defendant did not, as alleged, drive his automobile into the deceased, but rather that the defendant's automobile came to rest and was thereafter struck by an automobile in which the deceased was riding as a passenger.

In the case at bar, the evidence showed that the appellant's automobile collided with the guard rail and then flipped over on its roof on the opposite side of the freeway. The deceased's fatal injuries resulted from some impact during this chain of events. The indictment alleged, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence as required by TEX.CRIM.PROC. CODE ANN. art. 21.15 (Vernon Supp.1983), and we hold that the evidence is sufficient to support the allegations in the indictment. We accordingly overrule appellant's fourth ground of error.

The trial court's judgment is affirmed.