John Nicholas SKRUCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–0730–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 1, 1987.

Rehearing Denied Nov. 5, 1987.

**820**

Thano Dameris, and Bertrand L. Pourteau, Law Office of Thano Dameris, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., Roe Morris, and Leslie Halasz, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and DUGGAN, JJ.

## OPINION

EVANS, Chief Justice.

The appellant was convicted of the misdemeanor liquor violation of permitting an intoxicated person to remain on a licensed premises. The court found him guilty and assessed punishment at 10 days confinement, probated for one year, and a $300 fine.

Houston police officer L.P. Boutle testified that, as part of an investigative team, he entered a nightclub and observed a person who, in his opinion, was extremely intoxicated. This person was later identified as Ambrus Hightower. Officer Boutle noticed that Hightower had difficulty walking to the restroom and had to stop at the bar to regain his balance. While Hightower was at the bar, Officer Boutle saw the appellant look directly at Hightower. When Hightower returned from the restroom, he continued to drink and was never approached by the appellant. Officer Boutle questioned Hightower and noted that Hightower's speech was slurred, his eyes were bloodshot, and his breath had a strong alcohol ordor.

The State alleged in an amended information that the appellant did:

while an agent, servant, and employee of W.F.K. Inc. Six., a person authorized to

sell beer at retail on premises licensed under the laws of Texas, knowingly permit an intoxicated person, Ambrus Hightower, to remain on the *licensed premises*. (Emphasis added.)

At trial, copies of the nightclub's liquor permits were introduced into evidence as State's Exhibit 1.

In points of error one through five, the appellant contends that such permits create a "premises permitted" and not a "premises licensed" as alleged. Thus, he argues: 1) that the trial court erred in allowing State's Exhibit 1 into evidence; 2) that such evidence is legally and factually insufficient to prove that the club's premises were "premises licensed;" and 3) that there is a fatal variance between the allegation in the amended information and the proof at trial.

■ The Alcoholic Beverage Code distinguishes between licenses and permits as to the type of beverage that can be legitimately sold. A license is issued for the sale of only beer; a permit is issued for the sale of beer, wine, and mixed beverages. *See generally* Tex.Alco.Bev.Code Ann. title 3, subtitles A, B (Vernon 1978). But the Code does not distinguish between types of premises, and the issuance of either a license or a permit creates a "licensed premises." For example, the Code defines the term "premises" and then provides that "an applicant for a *permit or license* may designate a portion of the grounds, buildings, vehicles, and appurtenances to be excluded from the *licensed premises*." Tex. Alco.Bev.Code Ann. sec. 11.49(b)(1) (Vernon Supp.1987) (emphasis added); *see also* sec. 101.04 ("[b]y accepting a license or permit, the holder ... [consents to inspection of] the licensed premises ..."); sec. 101.62 ("[n]o licensee or permittee ... may maintain or permit [offensive noise] ... on or near the licensed premises"); sec. 101.64 ("[n]o holder of a license or permit may possess or display on the licensed premises ... [indecent graphic material]").

Accordingly, the club's permit was properly admitted into evidence, and such proof was sufficient to show a licensed premises. We find no fatal variance between the alle-gation in the amended information and the proof at trial.

Points of error one through five are overruled.

In point of error six, the appellant contends that the trial court erred in admitting hearsay testimony on the identity of the allegedly intoxicated person.

Officer Boutle testified that he formed an opinion about the identity of the allegedly intoxicated person when Hightower stated his name and produced a driver's license as verification. The appellant objected that such evidence was inadmissible on hearsay grounds.

■ A witness may assert the existence of a fact if his knowledge of that fact was gained though personal observation and reasonable inferences from that observation. *Wilson v. State*, 605 S.W.2d 284, 286 (Tex.Crim.App.1980) Thus, a police officer can testify about facts inferred from his personal observation of the printed name and the picture on the driver's license combined with his observation of that person's face and the person's admission of his name. *See id.* at 286–87. Furthermore, this Court has held that testimony of declarations regarding the name by which a person is known is an exception to the hearsay rule. *See Ortiz v. State*, 661 S.W. 2d 264, 266 (Tex.App.—Houston [1st Dist.] 1983, no writ); *see also Weems v. State*, 148 Tex.Crim.R. 154, 185 S.W.2d 431 (1945).

The appellant's sixth point of error is overruled.

In points of error seven through 15, the appellant contends that the evidence is legally and factually insufficient to prove that he was "the agent, servant and employee of W.F.K. Six, Inc." The appellant concedes that the State may allege in the conjunctive several methods of committing an offense, *Vasquez v. State*, 665 S.W.2d 484, 486 (Tex.Crim.App.1984), but argues that the terms "agent, servant and employee" are descriptive of the person charged; thus, the State must prove that he is an agent, *and* a servant, *and* an employee.

■ We reject this argument and hold, in accordance with the rule that the State

can indict in the conjunctive, that a person can be convicted of an offense under Tex. Alco.Bev.Code Ann. sec. 104.01 (Vernon Supp.1987) upon proof that he was *either* the agent, *or* the servant, *or* the employee.

We also find the evidence sufficient to support the appellant's conviction. For purposes of section 104 of the Alcoholic Beverage Code, an agent is someone authorized by another to transact business or manage some affair for the other person; a servant is one employed by a master to perform service in his affairs and whose physical conduct in the performance of this service is controlled or is subject to the right of control of the master; and an employee is a person who works for another in return for compensation and is subject to the control of the other person. *Ackley v. State*, 592 S.W.2d 606, 608 (Tex. Crim.App.1980).

Officer Boutle testified that when he arrived at the club, the appellant was talking to the doormen. During the evening, Boutle saw the appellant talking to the employees, checking people coming into the club, going behind the bar and into the office, and entering the D.J. booth to speak with the disc jockey. Officer Boutle never observed the appellant sitting at a table having a drink. Also, after the police announced their presence, the appellant asked whether the disc jockey could continue playing music. Viewing the evidence in the light most favorable to the judgment, we find that any rational trier of fact could have found beyond a reasonable doubt that the appellant was either an agent, servant, or employee of W.F.K. Six, Inc.

Points of error seven through 15 are overruled.

In point of error 16, the appellant maintains that the trial court erred in denying his motion to quash the amended information. Specifically, the appellant complains that there is a fatal variance between the essential elements asserted in the complaint and those alleged in the amended information. The complaint and the original information alleged that the appellant committed the offense "while an agent." Prior to trial, the information was amended to allege that the appellant committed the offense "while an agent, servant, and employee."

Under Tex.Code Crim.P.Ann. art 28.10(a) (Vernon Supp.1987), a matter of form or substance in an indictment or information can be amended before trial. The appellant argues that this statutory provision conflicts with Tex.Code Crim.P.Ann. art. 21.22 (Vernon 1966), which provides that "[n]o information shall be presented until affidavit has been made by some credible person charging the defendant with an offense." The courts have interpreted article 21.22 as requiring that an information agree with the complaint on matters of substance, such as time, venue, and the names of the defendant and injured party, and that it must substantially conform with the allegations descriptive of the offense. *E.g. Holland v. State*, 623 S.W.2d 651, 652 (Tex. Crim.App.1981).

Here, we find substantial conformity between the complaint and the amended information. But we also note that the legislature, by promulgating article 28.-10(a), evidenced its intent to overrule the prior law that forbade an amendment on matters of substance. Further, we see no conflict between article 28.10(a) and article 21.22, as long as the complaint and information charge a defendant with the same offense. *See* art. 28.10(c). If a conflict does exist between the two statutes, article 28.10(a), the latest enacted, must prevail. Tex.Gov't Code Ann. sec. 311.025(a) (Vernon Supp.1987).

Point of error 16 is overruled.

The judgment of the trial court is affirmed.