**Emily BRUCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–87–227–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 3, 1987.

**314** ‎■‎ ‎

Bertrand L. Pourteau, II, Thano Dameris, Houston, for appellant.

Roe Morris, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a misdemeanor conviction under the Texas Alcoholic Beverage Code Annotated Section 104.01(4) (Vernon Supp.1987), which prohibits a retailer or anyone in his employment to solicit drinks for consumption on the premises. The case was tried before the court and punishment was assessed at a $250.00 fine and thirty days in the Harris County Jail, probated for one year. Appellant brings fifteen points of error. We affirm.

On the evening of December 1, 1986, Officer James W. Pruitt, in his capacity as a detective for the Harris County Sheriff's Department, was at a night club called Cherries Cabaret. Pruitt was at a table with a woman when the appellant, a dancer at the club, joined them and asked Pruitt to buy her a drink. Pruitt did so, and appellant drank it.

Appellant's first point is that the conviction is void because the information failed to allege an offense against the laws of the state and consequently, did not invoke the jurisdiction of the trial court. Appellant's argument is that the language of the statute was not properly tracked in the charging instrument. Section 104.01(4), the applicable statute, reads:

> No *person* authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:
>
> (4) solicitation of any person to buy drinks for consumption by the retailer or any of his employees; [emphasis added]

Section 1.04 defines "person" for the purposes of the code as:

> a natural person or association of natural persons, trustee, receiver, partnership, corporation, organization, or the manager, agent, servant, or employee of any of them.

The information filed against the appellant, in pertinent part, reads:

> the Defendant ... while the employee of Cherries Cabaret, a *retailer* authorized to sell beer on premises.... [emphasis added].

■ Appellant argues that the word "person" as it appears in the statute, does not include the term "retailer" in its definition, and the information failed to allege the appellant is an employee of "a person authorized to sell beer at retail". This specific issue has not been addressed by a Texas Court before, but cases involving violations under the same provision of the Code reflect that such phrasing does not constitute language which is fatal to the charging instrument.

In *State v. Harris*, 342 S.W.2d 177 (Tex. Civ.App.—Dallas 1960, no writ), the court found that a local union known as the Artists of Dallas Club or local 147, an establishment serving alcoholic beverages,

was "*a 'person'* separate and distinct from its constituent members, being an 'association of natural persons' ..." [emphasis added]. The court cited the statute applicable at that time, which had a virtually identical definition for "person" as that found in the present code and quoted above. It is notable from *Harris* that "person" or an "association of natural persons" is used as a definition for an establishment which among other things serves drinks. Cherries Cabaret is also an establishment which among other things serves drinks to its patrons, and thus, following *Harris,* it also fits the definition of "person". Referring back to the information used to convict the appellant, it describes appellant as an "employee of *Cherries Cabaret,* a retailer ...". We find that the charging instrument does properly tract the statute. Appellant's first point is overruled.

In points of error two through six appellant argues that the information improperly reads "premises licensed" instead of "premises permitted". As a result of this alleged improper pleading, she asserts: (1) the trial court erred in admitting State's Exhibit 1 into evidence; (2) there is insufficient evidence to prove the club's premises are "premises licensed;" and (3) there is a fatal variance between the allegation in the information and the proof at trial. We concur with the reasoning in *Skruck v. Texas,* 740 S.W.2d 819 (Tex.App.—Houston [1st Dist.], 1987, n.w.h.) on this point and find appellant's points two through six are without merit. In *Skruck,* the court held that the distinction found in the Alcoholic Beverage Code between licenses and permits pertains to the type of beverage which can be legitimately sold not the type of premises which can sell such beverages. *See generally* Tex.Alco.Bev.Code Ann. title 3, subtitles A, B (Vernon 1978). *Skruck* points out that the Code defines the term "premises" and then provides that "an applicant for a *permit or license* may designate a portion of the grounds, buildings, vehicles, and appurtenances to be excluded from the *licensed premises.*" Tex.Alco. Bev.Code Ann. Sec. 11.49(b)(1) (Vernon Supp.1987) [emphasis added]; *see also* sec. 101.04 ("[b]y accepting a license or permit,

the holder ... [consents to inspection of] the licensed premises ..."); sec. 101.62 ("[n]o licensee or permittee ... may maintain or permit [offensive noise] ... on or near the licensed premises"). Appellant's points two through six are overruled.

In her seventh, eighth and ninth points of error appellant asserts a fatal variance between the allegation of "drinks" in the information and the proof of "drink" at trial. Alternatively, she argues the evidence was insufficient to prove "drinks" as alleged in the information. Appellant's argument is that since the charging instrument alleged that appellant solicited "drinks" and the state proved that she had only one "drink", she should be acquitted of the offense. The authority cited by appellant is to the effect that in a criminal prosecution, every essential element of the allegation contained in the information or indictment must be proven as alleged. Here, it is appellant's assertion that the term "drinks" constitutes an essential element. We disagree, and find appellant's argument to be "hypertechnical" as that term is used in *Carroll v. State,* 698 S.W. 2d 278 (Tex.App.—Fort Worth 1985, pet. ref'd.). In *Carroll* the appellant was charged with injury to a child, the indictment stating that appellant hit "said child with his fists." By one point of error appellant argued that the state failed to prove he used his fists to hit the child, instead the evidence showed that such striking was done with the hand in some other configuration than a fist. The court in *Carroll* refused to find that the allegation describing the configuration of the appellant's hand was an essential element; we agree and hold that the allegation of "drinks" in the information was not a fatal variance from the evidence showing appellant consumed one drink. Appellant's points seven through nine are overruled.

By points ten through twelve appellant complains that there was insufficient evidence to prove that she was the employee of Cherries Cabaret. Both parties cite *Ackley v. State,* 592 S.W.2d 606, 608 (Tex. Crim.App.1980), for the Court's holding

that under the Alcoholic Beverage Code an employee is one who works for compensation and is subject to some degree of control by another. The testimony of Linda Papageorgiou, the owner of Cherrie's Cabaret, was to the effect that the women who dance at her club must initially fill out application forms and receive permission from her before they may perform. The dancers are then called to the stage by a disc jockey who works for the club. Once they have completed their performance, the dancers return to dressing rooms, which are closed off to the patrons. Finally, evidence was presented showing that the dancers receive a commission from the drinks sold at the club. Officer Pruitt provided further evidence by testifying that he witnessed the appellant being called to the stage by the disc jockey to dance. We find that after viewing the evidence in the light most favorable to the judgment any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Points nine through twelve are overruled.

■ Finally, appellant's points thirteen through fifteen complain of a fatal variance between the name of the retailer alleged in the information and the proof at trial. The information names appellant's employer as "Cherries Cabaret" and the state introduced evidence at trial which showed appellant's employer to be "Linda Papageorgiou d/b/a Cherries Cabaret." Appellant goes on to argue that since there was a variance between the pleading and proof the evidence was insufficient to prove that Cherries Cabaret is a retailer authorized to sell beer as alleged. We find no merit in these last three points. Appellant's complaint over State's Exhibit 1, the mixed beverages permits, are directed at the affidavit which only accompanied the permits for verification purposes. The actual permits referred to "Cherries Cabaret", and any reference in the affidavit to "Linda Papageorgiou d/b/a ..." was incidental and surplusage. Appellant's last

three points are overruled. The judgment is affirmed.