**Larry Dewayne USHER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 51619.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

March 31, 1987.

Motion for Rehearing and/or Transfer
Denied May 12, 1987.

Case Transferred to Supreme Court
June 16, 1987.

Case Retransferred to Court of
Appeals Oct. 2, 1987.

Original Opinion Reinstated
Jan. 25, 1988.

Melinda K. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Appeal from the denial of a Rule 27.26 motion. We affirm.

The conviction sought to be vacated was for second-degree murder, for which the sentence · was twenty-eight years. Movant's conviction was affirmed on appeal. *State v. Usher*, 674 S.W.2d 190 (Mo.App. 1984).

Movant's amended Rule 27.26 motion asserted ineffective assistance of trial counsel and denial of due process because the jurors were death qualified. On February 2, 1986, the matter was set for hearing on May 5, 1986. On May 5, 1986, at the beginning of the evidentiary hearing, defendant's lawyer requested a continuance, for the reason he had subpoenaed two lawyers on April 23, but neither of such lawyers had received their subpoena. The Rule 27.26 motion court denied the continuance. Movant asked for a recess in order to speak with his client. The recess was denied. Movant then called the two absent lawyers to the stand, but neither was present. Movant refused to call any further witnesses. The case was taken under submission after the State indicated it had no evidence.

Movant proposes the trial court erred in refusing to grant his motion for continuance.

■ Appellate review of a 27.26 motion is specifically limited by Rule 27.26(j) to "a determination of whether the findings, conclusions and judgment of their trial court are clearly erroneous." *Laws v. State*, 708 S.W.2d 182, 185 (Mo.App.1986); *Battle v. State*, 674 S.W.2d 179, 180 (Mo. App.1984). The rule is designed so that Rule 27.26 proceedings are directed at defects which led to the original sentencing. *Brauch v. State*, 653 S.W.2d 380, 381 (Mo. banc 1983). Because movant's issue on appeal is not a defect which led to the original sentencing, it is not reviewable on appeal. In any event, movant failed to comply with Rule 65.04 which required the request for continuance to be in writing, unless waived. Movant did not show the materiality of the witnesses' testimony, nor did he establish the particular facts the unavailable witnesses would prove.

■ In his second point relied on, movant states appointed Rule 27.26 counsel was ineffective in failing to subpoena witnesses, consult with movant, or produce any evidence at his evidentiary hearing. There is no right to challenge the assistance of a Rule 27.26 counsel on direct appeal of a Rule 27.26 motion. *Adail v. State*, 612 S.W.2d 6 (Mo.App.1980). In any event, movant has only vaguely alleged his motion counsel "failed to subpoena [unnamed] witnesses, [or] consult with appellant." *See Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979). We deny movant's second point.

■ Finally, movant argues the trial court erred in entering findings of fact, conclusions of law and order denying movant relief because the Rule 27.26 judge relied on his independent recollection of the events at movant's trial. For the reason movant put on no evidence at the evidentiary hearing, he is hardly in position to complain about the Rule 27.26 court's findings of fact and conclusions of law. In any event, the Rule 27.26 trial court stated he had reviewed the original murder trial and found movant was satisfied with his trial attorney. This point is also denied.

Judgment affirmed.

CRIST, P.J., and CRANDALL, J., concur.