Gerald Leroy **CONWAY**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 55173.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 31, 1989.

---

James Michael Hardcastle, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Gerald Leroy Conway, appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. Movant was convicted by a jury of one count of burglary in the first degree and one count of stealing a firearm. Movant was sentenced as a persistent offender to twenty-five years on the burglary count and a concurrent term of fifteen years imprisonment on the stealing count. This court affirmed the burglary conviction and reversed the stealing conviction on appeal. *State v. Conway*, 740 S.W.2d 320 (Mo.App.,E.D.1987).[1] In his Rule 29.15 motion, movant alleged that the motion court erred in not granting a continuance and in not finding ineffective assistance of counsel.

This court first notes that our determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc, 1989); Rule 29.15(j). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Day*, at 695–96.

■ Movant first asserts that, as his counsel had been appointed a mere 30 days before the hearing, the motion court erred in refusing to grant a continuance to allow witnesses and records to be subpoenaed. The motion court may continue a 29.15 hearing upon a showing of good cause. Rule 29.15(h). Under former Rule 27.26, it was recognized that "the decision whether

to grant a continuance rests largely in the discretion of the trial court and the ruling of that court will not be disturbed absent an abuse of discretion." *Johns v. State*, 741 S.W.2d 771, 778 (Mo.App., E.D.1987). Here, the motion court correctly determined that the witnesses and records were not relevant in this 29.15 hearing as they went to the sufficiency of the evidence and matters already determined by the Court of Appeals.

■ In addition, the motion for continuance was in incorrect form. Rule 29.15(a) states that "[T]he procedure before the trial court is governed by the Rules of Civil Procedure insofar as applicable". Under Missouri Rules of Civil Procedure 65.03 and 65.04, an application for continuance *must* be made in writing absent the consent of the adverse party. In addition, if a continuance is due to the absence of witnesses or lack of evidence then due diligence must be shown on the part of the applicant to obtain the witnesses or the testimony. Here there was an oral motion with no consent of the adverse party and no showing of due diligence. Point denied.

Movant next claims that trial counsel was ineffective in not moving for discovery of a police 911 tape and failing to call certain witnesses requested by the defendant. The motion court found that neither the evidence nor the witnesses' testimony would provide a defense and we do not find this to be clearly erroneous. Affirmed.

REINHARD and CRIST, JJ., concur.

---

**1.** The procedural posture of this case is worth noting. Contrary to what is reported in the official reporter, the Missouri Supreme Court *granted* transfer of this case on December 15, 1987. On January 11, 1988, the movant filed his motion for postconviction relief. The Supreme Court suspended a decision on the direct appeal until the 29.15 motion was decided. Meanwhile, the opinion of the Court of Appeals was erroneously published in the official reporter despite the granting of transfer. After the motion court denied the 29.15 motion, the Supreme Court consolidated movant's 29.15 appeal with movant's direct appeal. On June 13, 1989, this case was retransferred to this court. Judge Crandall's opinion of October 6, 1987, was then reinstated on June 29, 1988. The opinion appearing at 740 S.W.2d 320 is, thus, the official opinion albeit reported prematurely.