**Earl ROMESBURG, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16712.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 11, 1990.

J. Bryan Allee, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

Movant Earl Romesburg appeals from an order denying, after an evidentiary hearing, his Rule 27.26[1] motion to set aside a judgment and sentence to five years' imprisonment for manufacturing marijuana. The conviction was entered on December 12, 1984, pursuant to a plea of guilty. As a part of a plea agreement, movant agreed not to appeal a separate conviction of murder, and the state dismissed a separate charge of possession of marijuana.

Movant's sole point is that the trial court, at the motion hearing, "clearly erred in not, sua sponte, granting movant a continuance in order to prepare for the evidentiary hearing on his Rule 27.26 motion because the record reflects that good cause was established by movant's colloquy with the court, in that movant had effectively waived his right to appoint counsel and wished to proceed pro se, movant had evidence and testimony he wished to present, and movant would have presented such evidence and testimony had he been given meaningful notice and opportunity to be heard."

The evidentiary hearing on movant's motion was held on November 3, 1989, pursuant to a notice sent to movant and his motion counsel, S. Dean Price, on October 20, 1989. At the hearing, movant appeared in person and by attorney Price and the state appeared by the prosecutor. Attorney Price informed the court that he was prepared "to go forward" at this time if movant desired that Price continue to represent him.

Movant made an oral motion "to disqualify" both the court and attorney Price. Movant had previously disqualified another judge. After hearing movant's alleged grounds for disqualifying the court, the court denied that part of the motion. No complaint is made of that ruling. Although the court warned movant about the disadvantages of acting pro se, movant stated that he did not want attorney Price to represent him. Movant's point concedes that movant "effectively waived his right to appointed counsel and wished to proceed pro se."

Movant stated to the court: "I don't aim for you to hear this.... I don't have to accept this." The following then occurred:

"THE COURT: Okay, are you telling the Court that you do not wish to present any evidence to me in this case today?

MOVANT: Yeah.

THE COURT: You don't wish to present any evidence in support of your postconviction motions that you've filed in this court? Is that what you're telling me?

MOVANT: Today?

THE COURT: Today.

MOVANT: I might as well not.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, postconviction relief continues to be governed by the provisions of Rule 27.26, because the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 24.035(*l*).

THE COURT: Okay. You're saying you don't want to?

MOVANT: No. Besides, why wasn't I told before yesterday noon that I was coming down here so I could get prepared? I've got papers up there at the hotel where I'm staying that I should have with me here today, and he didn't call me nor nothing. He called my wife two or three days ago. Why couldn't he call me?

THE COURT: I just—

MOVANT: I'm the man that's in trouble.

THE COURT: I just want to make sure that I understand you correctly, that you don't want to present any evidence today; is that right?

MOVANT: Yeah, I'd present some evidence if I thought it was going to be heard right.

THE COURT: Well, I'm here, and I'm ready to listen.

MOVANT: Well—

THE COURT: You just tell me whether you want to or not. I'm here, and I'm ready to listen, and it's up to you."

Movant then made comments concerning the transcript of the guilty plea hearing. The following then occurred:

"THE COURT: Mr. Romesburg, those are the issues we'll get into if you want to present your evidence. Right now we're trying to decide whether you want to present evidence to me today or not.

MOVANT: Well, it don't make any difference to me, because I don't think it'd do me no good no how—

THE COURT: It's your choice, though.

MOVANT: —because it's plain to see that everything's against me.

THE COURT: It's either yes or no, whether you want to or not.

MOVANT: I'll just—I think I just better take it to a higher court.

THE COURT: Okay. So, you don't want to present any evidence?

MOVANT: No, I just—just as well to not present no evidence."

In a Rule 27.26 proceeding, "[t]he procedure before the trial court and on appeal is governed by the Rules of Civil Procedure insofar as applicable." Rule 27.26(a). Unless the adverse party consents that an application for continuance may be made orally, such application shall be made by written motion, accompanied by the affidavit of the applicant or some other credible person, setting forth the facts upon which the application is based. Rule 65.03. Rule 65.04 sets forth requirements for an application for a continuance based on absence of witnesses. Movant made no application, written or oral, for a continuance.

Appellate review of a Rule 27.26 motion is limited to "a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j). Rule 27.26 proceedings are directed at defects which led to the original sentencing. *Brauch v. State*, 653 S.W.2d 380, 381 (Mo. banc 1983). In *Usher v. State*, 741 S.W.2d 677, 678[2] (Mo.App. 1987), the court held that a complaint, on appeal in a Rule 27.26 proceeding, that the trial court erred in refusing to grant a motion for continuance was not a defect which led to the original sentencing and was not reviewable on appeal. The court said in *Usher*, 741 S.W.2d at 678: "In any event, movant failed to comply with Rule 65.04 which required the request for continuance to be in writing, unless waived. Movant did not show the materiality of the witnesses' testimony, nor did he establish the particular facts the unavailable witnesses would prove."

The grant or refusal of a continuance in a Rule 27.26 proceeding "rests largely in the discretion of the trial court and the ruling of that court will not be disturbed absent an abuse of discretion." *Johns v. State*, 741 S.W.2d 771, 778 (Mo.App.1987). See also *Conway v. State*, 780 S.W.2d 102, 103 (Mo.App.1989). Here the trial court made no ruling on an application for continuance because none was presented.

With respect to the 13 grounds for relief set forth in movant's motion, the trial court found that five were conclusory and did not state facts entitling movant to relief. The

trial court also found that the other nine grounds were refuted by the record. No complaint is made of any of those findings. This court holds that the trial court did not err in failing to grant, sua sponte, a continuance to movant. Movant's point has no merit.

The judgment is affirmed.

PARRISH and SHRUM, JJ., concur.