**Larry Dewayne USHER, Appellant,**

v.

**Jimmy JONES, Appellee.**

**No. 90–2263.**

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1991.

Decided Sept. 5, 1991.

Rehearing and Rehearing En Banc Denied Oct. 11, 1991.

Springfield Baldwin, St. Louis, Mo., for appellant.

Frank A. Jung, Jefferson City, Mo., for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and DOTY,* District Judge.

PER CURIAM.

Larry Dewayne Usher appeals from a final order entered in the United States District Court[1] for the Eastern District of Missouri denying his petition for habeas corpus under 28 U.S.C. § 2254 (1988). *Usher v. Jones,* No. 89–0101C(3) (E.D.Mo. June 6, 1990) (order). For reversal, Usher argues that (1) the evidence at trial was insufficient to support his conviction of second-degree murder and (2) the state trial court erroneously admitted into evidence two notes that Usher had written to his children. For the reasons stated below, we affirm the order of the district court.

In 1981, Usher and Robert Lucas, the husband of Usher's ex-wife, shot each other inside a building in front of Lucas's residence. Lucas died. The local sheriff, Ken Buckley, searched Usher's shirt at the scene and found two pieces of folded white

---

* The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

paper inside a small black notebook in the shirt pocket. One of the notes was addressed to Usher's son, and the other was addressed to his daughter. The note to Usher's son read as follows:

> Dear Son: I'm sorry. I know you'll hate me for the rest of your life, but I want you to know that I loved you for all of yours. You won't believe me, but your mother was a whore and no good to anyone. Please forgive me. Dad.

The note to his daughter, Stacy, read as follows:

> Dear Stacy, baby, I'm sorry. I do love you. Your mother did deserve what she got for doing the way she did. She was nothing but a two-bit whore who made me do what I did. Love you, Dad.

Brief for Appellant at 8. Usher was later arrested and charged with capital murder. Usher admitted shooting Lucas, but claimed that he had done so in self-defense. At trial, Usher moved to suppress the notes, and the state trial court overruled this motion. Usher was nevertheless convicted upon a jury verdict of second-degree murder and sentenced to twenty-eight years in prison. Usher's conviction was summarily affirmed on appeal. *State v. Usher*, 674 S.W.2d 190 (Mo.Ct.App.1984) (per curiam). In addition to issuing a brief opinion, the Missouri Court of Appeals attached a "memorandum" to its opinion. In its memorandum, the state appellate court affirmed the state trial court's admission of Usher's notes to his children. In addition, the state appellate court held *sua sponte* that "the jury's verdict was supported by the evidence." Brief for Appellant at 13. Usher's motion for post-conviction relief under Mo.Sup.Ct.R. 27.26 was also rejected by the Missouri courts, in an opinion which did not address the merits of Usher's conviction. *See Usher v. State*, 741 S.W.2d 677 (Mo.Ct.App.1987) (rejecting challenges involving Rule 27.26 proceeding itself).

Usher then filed the present habeas petition. The magistrate judge [2] recommended that the petition be denied. The district court adopted the magistrate judge's recommendations in part, but remanded for consideration of (1) whether Usher had demonstrated cause for his procedural default as to certain claims and (2) certain claims not addressed by the magistrate judge. On remand, the magistrate judge again recommended dismissal of Usher's claims. The district court agreed, and this appeal followed.

On appeal, Usher raises two claims. First, Usher claims that, based on the physical and scientific evidence, no reasonable jury could have rejected his claim that he shot Lucas in self-defense. Based on our review of the evidence, we disagree, and hold that Usher's conviction was supported by sufficient evidence.

Second, Usher argues that the state trial court erred in admitting his notes to his children, because such notes were irrelevant and highly prejudicial. The magistrate judge found that the state appellate court's rejection of this claim was entitled to the "presumption of correctness" generally given to state court findings of fact. *See* 28 U.S.C. § 2254(d). The district court summarily held that Usher's claim was without merit.

As noted above, Usher's notes to his children stated that he was "sorry" for what he had done and that his ex-wife was a "whore who made me do what I did." Usher claims that these notes were irrelevant because they merely apologized for his custody disputes with his ex-wife, while the state contends that the notes were explanations for premeditated murder of Lucas, his ex-wife, or both. We believe that a reasonable jury could have adopted either interpretation of the notes, and accordingly hold that the trial court's admission of the notes into evidence did not violate due process. *See Richards v. Solem*, 693 F.2d 760, 767 (8th Cir.1982) (citation omitted), *cert. denied*, 461 U.S. 916, 103 S.Ct. 1898, 77 L.Ed.2d 286 (1983).

In sum, we hold that the district court committed no reversible error and accord-

---

2. The Honorable William S. Bahn, United States Magistrate Judge for the Eastern District of Missouri.

ingly affirm the order of the district court. *See* 8th Cir.R. 47B.[3]

---

3. We also note that we are grateful to and compliment appointed counsel, Springfield Baldwin, for his zealous and effective representation of Usher. His performance has been exemplary.