IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-074-CR





THERESA EATON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY, 



NO. 2C92-3561, HONORABLE JOHN BARINA, JUDGE PRESIDING



 





PER CURIAM

 The county court at law found appellant guilty of knowingly selling an alcoholic
beverage to an intoxicated person. Tex. Alco. Bev. Code Ann. § 101.63 (West 1978). The court
assessed punishment at incarceration for three days and a $250 fine.

 Robert Donahoo, an enforcement officer with the Alcoholic Beverage Commission,
testified that he and another officer entered the Old Peppermint Lounge on the night of April 4,
1992. Appellant was the bartender. The officers each purchased a beer and sat down at a table
to observe the activity in the bar. There were about twelve people in the bar, one of whom was
a man later identified as Johnny Daniel. Daniel was standing at the bar talking to other patrons
in a loud, boisterous fashion. The officer testified that "you could hear him all over the
premises." Daniel's speech was "very slurred, thick tongue." Daniel was having difficulty
standing up, and would periodically lean against the bar to support himself. After appellant and
Daniel were arrested, the officers also noticed that Daniel's breath had a strong odor of alcoholic
beverage. 

 The officers followed Daniel into the pool room, where Daniel unsuccessfully
attempted to play pool using his cue to support himself. Daniel's coordination was obviously
impaired, and the officers heard him tell another person that he was "too drunk" to play. Daniel
then went to the rest room. When he returned, his pants were wet as if he had urinated on
himself. Daniel returned to the bar and spoke to appellant. At this point, the officers saw
appellant sell Daniel a beer.

 In her first point of error, appellant contends the evidence is legally insufficient to
prove that she knew Daniel was intoxicated when she sold him the beer. Appellant argues that
there is no evidence that she was aware of Daniel's various symptoms of intoxication, or that she
possessed the training and experience to recognize those symptoms for what they were. We are
unpersuaded by this argument. 

 In this cause, as in most, appellant's culpable mental state must be inferred from
the circumstances. During much of the time the officers were in the lounge, Daniel was standing
at the bar behind which appellant was working. There were few other patrons in the bar. The
symptoms of Daniel's intoxication were gross, and the county court at law could reasonably infer
that his intoxication was obvious to any observer. Contrary to appellant's argument, it does not
require special training or expertise to recognize intoxication. A person of common intelligence
can determine with reasonable precision the conduct it is her duty to avoid under section 101.63. 
Campos v. State, 623 S.W.2d 657, 659 (Tex. Crim. App. 1981). From the evidence in this
cause, a rational trier of fact could find beyond a reasonable doubt that appellant knew Daniel was
intoxicated when she sold him a beer. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State,
614 S.W.2d 155 (Tex. Crim. App. 1981). Point of error one is overruled.

 By her second and third points of error, appellant urges that the court erred in
admitting evidence of Daniel's identity because it was hearsay and deprived her of her right to
confront the witnesses against her. The testimony of which appellant complains was that of Louis
Yeager, one of the arresting officers.



Q (By Mr. Egeland [prosecutor]) Okay. Did you identify the male party to this
offense?


 MR. KREIMEYER [defense counsel]: Judge, we're going to object to this. 
Again, if he's identified him, by whatever means, it's hearsay to this defendant
and depriving her of the confrontation of the witness. And we object to it.


 THE COURT: Overruled.


 MR. KREIMEYER: May I have a running objection?


 THE COURT: You may.


Q (By Mr. Egeland) Did you identify the male party to this offense?


A Yes, sir, I did.


Q How did you identify him?


A By his driver's license.


Q Okay. What was his name?


A Johnny Daniel.



Appellant's argument, as we understand it, is that the statements of fact on a driver's license,
including the name, are hearsay and that the officer's testimony was not admissible under any
exception to the hearsay rule. 

 Out-of-court declarations are not hearsay when offered as circumstantial evidence of
identity. 1A Roy R. Ray, Texas Law of Evidence § 802 (Texas Practice 3d ed. 1980); see Buzan
v. State, 128 S.W. 388 (Tex. Crim. App. 1910). In effect, Yeager testified that the man to whom
appellant sold the beer, when asked for identification, produced a driver's license bearing the
name "Johnny Daniel." The name the officer saw on the driver's license was not hearsay, but a
fact from which both the officer and the trier of fact could infer that the man was Johnny Daniel. 
See Wilson v. State, 605 S.W.2d 284, 286-87 (Tex. Crim. App. 1980); Skruck v. State, 740
S.W.2d 819, 821 (Tex. App.--Houston [1st Dist.] 1987, pet. ref'd). Point of error two is
overruled.

 In her third point of error, appellant contends that admission of the officer's testimony
denied her the right to confront Daniel. Her brief contains no arguments or authorities in support
of this contention. Point of error three is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: August 11, 1993

[Do Not Publish]