11th Court of Appeals
Eastland, Texas
Opinion
 
Paul Poston
            Appellant
Vs.                  No. 11-03-00280-CR -- Appeal from Palo Pinto County
State of Texas
            Appellee
 
            The trial court convicted Paul Poston of the offense of criminal trespass committed in a
habitation and assessed his punishment at confinement for 90 days. We affirm. 
            Appellant presents three issues on appeal. In the first issue, he contends that there is a fatal
variance between the complaint and the information. Because appellant did not object in the trial
court that the information was defective, the issue has not been preserved for review. TEX. CODE
CRIM. PRO. ANN. art. 1.14(b) (Vernon Supp. 2004); see State v. Yount, 853 S.W.2d 6, 8
(Tex.Cr.App.1993); Aguilar v. State, 846 S.W.2d 318 (Tex.Cr.App.1993); Studer v. State, 799
S.W.2d 263, 273 (Tex.Cr.App.1990). Moreover, appellant relies on Acevedo v. State, 483 S.W.2d
459 (Tex.Cr.App.1972). After the Acevedo opinion, TEX. CODE CRIM. PRO. ANN. art. 28.10
(Vernon 1989) was amended to allow amendments of substance or form to indictments and
informations. 
            In this case, the complaint and the information alleged that the offense was committed on or
about April 14, 2003. The information was subsequently amended without objection to allege that
the offense was committed on or about April 11, 2003. The amendment, which was proper pursuant
to Article 28.10, did not cause a fatal variance between the complaint and the information. See
Dixon v. State, 737 S.W.2d 134 (Tex.App. - Fort Worth 1987, pet’n ref’d); see also Skruck v. State,
740 S.W.2d 819, 822 (Tex.App. - Houston [1st Dist.] 1987, pet’n ref’d). Appellant’s first issue is
overruled. 
            In his second issue, appellant contends that the evidence was insufficient as a matter of law
to show that he entered a habitation. In his third issue, appellant argues that the evidence did not
establish his guilt beyond a reasonable doubt. Appellant requests an acquittal rather than a remand;
consequently, we construe the second and third issues to be attacks to the legal sufficiency of the
evidence. 
            In order to determine if the evidence is legally sufficient, we must review all of the evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). The essential elements of the
crime as alleged in the information are that appellant entered Tom Ranft’s habitation without his
effective consent, that appellant had notice not to enter the premises, and that such notice had been
given to appellant by oral communications from Ranft and from a reserve deputy. See TEX. PENAL
CODE ANN. § 30.05 (Vernon Supp. 2004)(criminal trespass statute). 
            In the second issue, appellant specifically argues that the evidence was insufficient to show
that he entered Ranft’s house. Under Section 30.05(b)(1), the term “[e]ntry” is defined as “the
intrusion of the entire body.” The record shows that only two witnesses testified about the April 11
entry or lack thereof: Ranft and appellant. 
            Ranft testified that, on April 11, 2003, appellant walked up to the back door of Ranft’s house,
knocked, opened the door, and started stepping in. Ranft said that appellant “started in the door.” 
When asked if appellant “actually c[a]me in,” Ranft responded: 
Yes, sir. He -- we have a screen door that you open from left to right and a --
and a glass door that pushes in. And he actually -- actually got -- he didn’t get into
the door enough to close the door behind him by no means. (Emphasis added) 
According to Ranft, appellant stepped back when he saw Ranft’s wife sitting at the table because
appellant was aware that Ranft’s wife did not want appellant in the house. 
            Appellant, however, testified that he only opened the door about half an arm’s distance so
that he could talk to Ranft. Appellant stated that, when he approached the back door, he could see
Ranft inside and that, when he knocked on the door, he thought that Ranft had nodded for him to
open the door. 
            A rational trier of fact could have found beyond a reasonable doubt that appellant entered the
back door of Ranft’s house in such a way that his entire body intruded into the house. See Torres
v. State, 117 S.W.3d 891, 896 (Tex.Cr.App.2003)(climbing onto balcony of apartment constituted
entry of habitation for purposes of criminal trespass). We hold that the evidence is legally sufficient
to show that appellant entered the habitation. The second issue is overruled. 
            In the third issue, appellant specifically contends that the evidence did not establish beyond
a reasonable doubt that appellant committed the offense because the notice not to trespass had been
revoked by Ranft. We disagree. 
            The record shows that appellant had previously been allowed to stay on Ranft’s property in
Ranft’s shop. However, after Ranft suspected that appellant had been using Ranft’s computer to visit
sites containing pornography, Ranft asked appellant to leave. Both Ranft and Reserve Deputy
Michael Herndon warned appellant that he no longer had permission to be on Ranft’s property. 
Ranft later allowed appellant to come onto the property for the limited purpose of getting some glass
to help other people in the community repair windows that were damaged in a storm. Ranft testified
that he explained to appellant that the permission was only for that day and only to get the glass,
which was located approximately 300 feet from Ranft’s house. Ranft testified that he explicitly told
appellant not to come near the house because his wife was scared of appellant. 
            Although appellant testified that he walked up to the house to ask Ranft about the glass and
that he thought Ranft nodded for him to open the door, a rational trier of fact could have found that
appellant entered without permission. Ranft testified that appellant just knocked on the door and
started coming in. Appellant had been explicitly warned against such actions. We hold that the
evidence is legally sufficient to prove the elements of the offense beyond a reasonable doubt. The
third issue is overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                    JIM R. WRIGHT
                                                                                    JUSTICE 
April 1, 2004
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.