### JASE ALLEN v. THE STATE.

#### No. 1307.    Decided November 18th, 1896.

1. **Aggravated Assault by Adult Male Upon a Female—Evidence.**

On a trial for aggravated assault by an adult male upon a female, where the indictment charged, that the assault was made by striking with the fist, proof is sufficient which shows, that he struck her with his hand, even though the hand was open.

2. **New Trial.**

Objection, that defendant was forced into trial, cannot be availed of for the first time on motion for new trial.

3. **Same—Newly-Discovered Evidence.**

A motion for new trial based upon absent or newly-discovered evidence, must disclose what the absent testimony is.

APPEAL from the County Court of Fort Bend.  Tried below before Hon. JOHN A. BALLOWE, County Judge.

Appeal from a conviction for aggravated assault and battery; penalty, a fine of $25.

The assault was made by defendant upon his wife, and the evidence shows that he struck her a blow in the face with his hand.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an aggravated assault and battery, and appeals. The information charges that Jase Allen was an adult male, and that Tena Allen, the assaulted party, was a female, and also charges that appellant struck Tena Allen with his fist. The proof shows that he struck her with his hand, but fails to show whether he struck her with his fist or open hand. Counsel for appellant insists that the proof should show that she was struck with the fist, and proof that she was struck with the hand is not sufficient. We think this hypercritical. Appellant made a motion for a new trial, "because the court erred in forcing the defendant into trial," etc. There was no exception taken to the action of the court when this matter occurred, and it is brought forward first in the motion for a new trial. The exception is filed too late, and cannot be considered. There is no bill of exceptions in the record. It is also insisted, in the motion for a new trial, that there were two witnesses which were not known to the appellant, but were known to his attorney, and that appellant was deprived of their testimony by being forced into trial, etc. The testimony of these witnesses is not in the record, and we are not informed what they knew about the case. The verdict is sufficient, and amply supported by the testimony; and the judgment is affirmed.

*Affirmed.*