**David CARROLL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–307–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 31, 1985.

Kreimeyer, Cain & Jezek, P.C., and James H. Kreimeyer, Belton, for appellant.

Timothy D. Eyssen, Dist. Atty. Graham, for appellee.

Before FENDER, C.J., and ASHWORTH and JOE SPURLOCK, II, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a conviction for the offense of injury to a child under TEX. PENAL CODE ANN. sec. 22.04 (Vernon Supp. 1985). The jury assessed punishment at one year's confinement in the county jail and a fine of $1,000.00.

We affirm.

In his sole point of error, appellant contends that the evidence is insufficient to support the conviction because there is a material variance between the indictment and the proof.

The indictment alleged that appellant "did then and there intentionally and knowingly engage in conduct that caused bodily injury to [M.W.P.], a child younger than 15 years of age by hitting said child with his fists...." Appellant contends that there was a material variance in that the State failed to prove the appellant used his fists to hit the child, but rather that the evidence revealed that any striking was done with the hand in some other configuration than clenched or doubled up.

This contention was settled by the Court of Criminal Appeals in the case of *Allen v. State*, 36 Tex.Crim. 436, 37 S.W. 738 (1896) wherein Judge Davidson stated, in affirming that conviction:

Appellant was convicted of an aggravated assault and battery, and appeals.

The information charges that Jase Allen was an adult male, and that Tena Allen, the assaulted party, was a female, and also charges that appellant struck Tena Allen with his fist. The proof shows that he struck her with his hand, but fails to show whether he struck her with his fist or open hand. Counsel for appellant insists that the proof should show that she was struck with the fist,

and proof that she was struck with the hand is not sufficient. We think this hypercritical.

What was hypercritical then is hypercritical today. The judgment of the trial court is affirmed.