IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-623-CR





LOU ANN BRAUN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE





 




FROM THE COUNTY COURT AT LAW OF COMAL COUNTY



NO. 92CR-600, HONORABLE FRED CLARK, JUDGE PRESIDING



 






 A jury found appellant guilty of assault. Tex. Penal Code Ann. § 22.01(a)(1)
(West 1994). (1) The court assessed punishment at 180 days in jail probated and a fine of $300.00. 
In her four points of error, appellant asserts that the evidence is not sufficient to sustain the jury's
verdict, because the State failed to prove the corpus delicti, failed to prove "bodily injury," failed
to prove appellant acted intentionally and knowingly, and failed to prove the offense was
committed in the manner and means alleged. We will affirm the judgment.

 The State alleged that appellant intentionally, knowingly, or recklessly caused
bodily injury to her husband Robert Braun by striking him on the head with her hand. A New
Braunfels police officer, Richard Benitez, responded to a dispatcher's call to investigate a report
of domestic violence. Benitez went to the home of appellant and her husband Robert Braun. Mr.
Braun met Officer Benitez at the door. Benitez noticed injuries to Braun that appeared to have
been recently inflicted. Braun "had a little bit of redness around his neck and he had a small cut
on his forehead." Braun said he received the injuries when his wife struck him with her fist. He
had been attempting to prevent her from leaving the house because she was very intoxicated. 
Under cross-examination, Benitez testified concerning Braun's injury: "It was small, small
laceration. Nothing--nothing that really needed medical attention."

 Benitez heard the appellant, who was in the house, screaming loudly. She came
to the door in a very intoxicated condition. In answer to Benitez's inquiry concerning why she
struck her husband, she said: "Oh, I was mad. I wanted to get out." Benitez believed that if the
appellant were to go out on the street in her intoxicated condition, she would put herself or other
persons in danger. Therefore, following police department policy, Benitez arrested appellant. 
Appellant's husband asked Benitez not to arrest his wife and to leave her in his care. The officer
decided against leaving her in her home, took her to jail, and filed assault charges against her.

 Appellant testified and explained how her husband received the laceration on his
head. "He was holding me down on the couch and I wanted him off me. So I was pushing him
off with my feet. And he grabbed my foot, which I had cowboy boots on. And grabbed my foot
and he smashed it into his head. He did it to himself. . . . [I] did not intentionally strike [my]
husband."

 Robert Braun did not testify and the State offered only the testimony of the
investigating officer Benitez. Appellant's brief explains that no objections were made to Benitez's
testimony because it was admissible as a present sense impression, an excited utterance, or a
statement of an existing mental, emotional, or physical condition. Tex. R. Crim. Evid.
8.03(1)(2)(3). However, even if this testimony is considered as inadmissible hearsay, since there
was no objection, it shall not be denied probative value merely because it is hearsay. Tex. R.
Crim. Evid. 8.02. The jury could properly consider all of Officer Benitez's testimony concerning
how the injury occurred.

 Since they are related, we will discuss appellant's first and fourth points of error
together. In these points she argues that the State failed to prove the corpus delicti and failed to
prove she inflicted "bodily injury" on her husband. Specifically, she insists that there is no
evidence she caused her husband physical pain, illness, or physical impairment. Therefore,
appellant declares the evidence is insufficient to support the jury's verdict.

 In reviewing the legal sufficiency of the evidence, the relevant question is whether,
after reviewing the evidence in light most favorable to the State, any rational trier of fact could
have found the essential elements of the criminal offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
When the State relies on circumstantial evidence, an appellate court no longer applies the
reasonable hypothesis analytical construct. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App.
1991); Mack v. State, 859 S.W.2d 526 (Tex. App.--Houston [1st Dist.] 1993, no pet.).

 A person commits an offense if the person intentionally, knowingly, or recklessly
causes bodily injury to another, including the person's spouse. Penal Code § 22.01(a)(1). 
"Bodily injury" means physical pain, illness, or any impairment of physical condition. Tex. Penal
Code Ann. § 1.07(8) (West 1994). (2) The definition of bodily injury appears to be purposefully
broad and seems to encompass even relatively minor physical contacts so long as they constitute
more than mere offensive touching. Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim. App.
1989). The degree of injury sustained by a victim and the "type of violence" used by an accused
appears to be of little moment. Id. at 786; York v. State, 833 S.W.2d 734, 735-36 (Tex.
App.--Fort Worth 1992, no pet.).

 In Goodin v. State, 750 S.W.2d 857 (Tex. App.--Corpus Christi 1988, pet. ref'd),
the alleged victim jumped on the hood of his car as a car repossessor drove it for some distance. 
The victim suffered bruises and muscle strain but did not testify that he was hurt or suffered pain. 
The appellate court held that the jury could draw inferences from the evidence that the victim's
bruises and strained muscles caused him physical pain within the meaning of the statutory
definition of "bodily injury." Id. at 859.

 In Wawrykow v. State, 866 S.W.2d 87 (Tex. App.--Beaumont 1993, pet. ref'd),
defendant claimed that the State had failed to prove that he caused the victim, a police officer,
"physical pain, illness, or any impairment of physical condition." The defendant had pushed
between a van and the officer and when the officer stepped in front of him, defendant pushed on
the officer's chest. There was no "direct evidence of pain" or evidence that the officer was
"hurt." The officer demonstrated before the jury how he was pushed. The court held that based
on the direct and circumstantial evidence, the jury could rationally find beyond a reasonable doubt
that the officer sustained "bodily injury" as statutorily defined. Id. at 90.

 In the instant case, although Braun's injury appears slight, the jury after having
been properly instructed and considering all of the evidence and the proper inferences to be drawn
therefrom, could rationally find that Braun sustained "bodily injury" as that term is defined by
statute. The evidence is legally sufficient to sustain the jury's verdict. Points of error one and
four are overruled.

 In point of error two, appellant urges that the State failed to prove that the injury
Braun sustained was intentionally or knowingly inflicted. Even if the State failed to prove that
appellant acted intentionally and knowingly, as appellant asserts, proof that appellant acted
recklessly is sufficient to sustain the conviction. The State alleged the three culpable mental states
that the statute expresses in the disjunctive. Proof of any one of the three is sufficient to support
the conviction. Perez v. State, 704 S.W.2d 499 (Tex. App.--Corpus Christi 1988, no pet.). The
State's proof is ample to show the culpable mental state necessary for the conviction. Point of
error two is overruled.

 In point of error three, appellant complains that the State alleged appellant struck
her husband with her hand, but proved she struck him with her fist resulting in a fatal variance. 
In Allen v. State, 37 S.W. 738 (Tex. Crim. App. 1896), the allegation was that defendant struck
the victim with his fist, but the proof was that the defendant struck the victim with his hand. 
There the Court of Criminal Appeals held that the claim of a fatal variance was hypercritical. 
Accord Carroll v. State, 698 S.W.2d 278 (Tex. App.--Fort Worth 1985, pet. ref'd). The same
may be said about the appellant's point of error in this case. There was not a fatal variance. 
Appellant's point of error three is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Powers, Kidd and Dally*

Affirmed

Filed: December 7, 1994

Do Not Publish











* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   The 1994 amendments to § 22.01 are not relevant to this cause and the current code is
cited for convenience.
2.   The definition of "bodily injury" was renumbered but otherwise unchanged by the 1994
Code amendments.