NO. 07-11-0237-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 NOVEMBER 26, 2012
 ___________________________________

 JOE ARIEL TORRES,

 Appellant

 V.

 THE STATE OF TEXAS,

 Appellee
 ___________________________________

 FROM THE 100TH DISTRICT COURT OF CHIDRESS COUNTY;

 NO. 5321; HON. STUART MESSER, PRESIDING
 __________________________________

 Memorandum Opinion
 __________________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 Appellant, Joe Ariel Torres, appeals his conviction of injury to a child, enhanced. He now
contends that the evidence is insufficient to support the conviction because it fails to show that
1) he used his “fist” to strike the child as alleged in the indictment, and 2) the child suffered
injury. We affirm.
 Background
 Laura Saucedo, the mother of the victim, testified at trial that appellant, the father of the
victim, had both the victim and the victim’s twin brother with him all day on August 3, 2010. Upon
appellant’s return, she noticed appellant with glassy, red eyes and the smell of alcohol. He also
had a beer container in the vehicle. Saucedo attempted to take the keys from the ignition so
appellant would be unable to leave with the boy and planned on everyone going inside the house and
getting ready for bed. However, appellant began to drive away with Saucedo standing on the driver’s
side door. As appellant was driving, Saucedo attempted to put the vehicle out of gear so he would
have to stop. Appellant appeared angry and upset and told Saucedo that this was her day to die.
Appellant also kept hitting Saucedo on her side and face in an effort to remove her from the truck.
At one point, she was able to get the truck into park, and one of the kids in it succeeded in taking
the keys out of the ignition.
 The children were trying to stop appellant from hitting their mother. As they did so, the
victim struck at appellant saying, “Don't hit my mother. Don't hit my mom.” At that point,
appellant reached over and hit the child. When asked if appellant used his fist, Saucedo stated
that she could not remember. Later, the child appellant struck received medical treatment, but was
not hospitalized. According to Saucedo, the victim had a bruise on his face that lasted a couple of
weeks.
 The victim testified that as his mom held onto the truck, appellant started hitting her. The
victim then hit appellant to get him to stop and appellant “pushed [him] back with his forearm” and
slapped him in the face. The victim further stated that he hit appellant again and did so because
appellant was hitting his mother. After his mother fell off of the vehicle, his father drove away.
 While they were driving around, the victim testified that appellant threatened to cut his throat
and leave him out in the country.
 Officer Leroy Rodriguez with the Childress Police Department testified that he was dispatched
on August 3, 2010, to investigate a case of injury to a child. He contacted Saucedo and noticed
that she was visibly upset and crying. He also spoke with the victim’s brother who was also crying,
upset, and angry. Saucedo had bruises on her person, and the officer called for EMS to examine her
injuries. After appellant was caught and the child taken to the police station, the officer also
noticed that the victim was scared and had “some redness to the right side of his face” and
swelling. The jury found appellant guilty of the charged offense.
 Insufficient Evidence
 Use of Appellant’s Fist
 Regarding the contention that the State failed to show that a fist was used to strike the boy,
we note that appellant was charged with “. . . intentionally or knowingly caus[ing] bodily injury to
[the victim], a child 14 years of age or younger, by striking [the victim] in the face with his
fist.” While there is ample evidence that the boy was struck in the face, nothing illustrates that
a fist was used. But, that does not warrant reversal.
 In Carroll v. State, 698 S.W.2d 278 (Tex. App.–Fort Worth 1985, pet. ref’d), the appellant
was charged with injury to a child, the indictment alleging that appellant hit “said child with his
fists.” The appellant there, like the one here, argued that the State failed to prove he used his
“fists” to hit the child, even though evidence did show that the hand was used. The court
nonetheless refused to find that the allegation describing the configuration of the appellant's hand
was an essential element. It considered the argument “hypertechnical.” Id. at 279; see also Taylor
v. State, Nos. 08-97-0461 & 0462-CR, 1999 Tex. App. Lexis 4021, at *6-7 (Tex. App.–Amarillo May 25,
1999, pet. ref’d) (not designated for publication). We agree with the Carroll decision. That
appellant utilized an open hand or the like, rather than a fist, to hit the boy is no basis to
reverse the conviction as being insufficiently supported by the evidence, and we overrule the
contention.[1]
 Bodily Injury
 As for the contention about deficient evidence showing bodily injury, we note that the latter
is defined as “physical pain, illness, or any impairment of physical condition.” Tex. Penal Code
Ann. § 1.07(a)(8) (West Supp. 2012). Furthermore, the definition is broad and encompasses even
relatively minor physical contact as long as it is more than mere offensive touching. Reyes v.
State, 83 S.W.3d 237, 239 (Tex. App.–Corpus Christi 2002, no pet.); Arnold v. State, 36 S.W.3d 542,
545 (Tex. App.–Tyler 2000, pet. ref’d); see also Lane v. State, 763 S.W.2d 785, 787 (Tex. Crim. App.
1989) (holding that a red and purple bruise on the victim’s wrist from twisting was sufficient to
show bodily injury). Additionally, evidence of a cut, scrape, or bruise on the body is sufficiently
indicative of physical pain to establish bodily injury even if there is no testimony the victim felt
pain. Arzaga v. State, 86 S.W.3d 767, 778 (Tex. App.–El Paso 2002, no pet.).
 Here, there is evidence that the victim suffered redness and swelling to the side of his face.
His mother also testified that the area changed to a bruise that lasted approximately two weeks.
That is some evidence upon which a rational jury could conclude, beyond reasonable doubt, that the
child suffered bodily injury. So, we overrule this issue as well.
 Accordingly, we affirm the judgment of the trial court.

 Per Curiam

Do not publish.

 -----------------------
 [1]The long and short of it is that it matters not whether the evidence established the
particular manner or means by which the child was struck, as alleged in the indictment. Any
variance between the evidence proffered at trial and the allegation in the indictment was
immaterial. And, if the variance was immaterial, as noted in the Carroll opinion, the evidence
presented is sufficient to support conviction.