NO. 07-11-0237-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 26, 2012
_____

JOE ARIEL TORRES,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 100TH DISTRICT COURT OF CHIDRESS COUNTY;

NO. 5321; HON. STUART MESSER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Joe Ariel Torres, appeals his conviction of injury to a child, enhanced. He now contends that the evidence is insufficient to support the conviction because it fails to show that 1) he used his "fist" to strike the child as alleged in the indictment, and 2) the child suffered injury. We affirm.

### Background

Laura Saucedo, the mother of the victim, testified at trial that appellant, the father of the victim, had both the victim and the victim's twin brother with him all day on August

3, 2010. Upon appellant's return, she noticed appellant with glassy, red eyes and the smell of alcohol. He also had a beer container in the vehicle. Saucedo attempted to take the keys from the ignition so appellant would be unable to leave with the boy and planned on everyone going inside the house and getting ready for bed. However, appellant began to drive away with Saucedo standing on the driver's side door. As appellant was driving, Saucedo attempted to put the vehicle out of gear so he would have to stop. Appellant appeared angry and upset and told Saucedo that this was her day to die. Appellant also kept hitting Saucedo on her side and face in an effort to remove her from the truck. At one point, she was able to get the truck into park, and one of the kids in it succeeded in taking the keys out of the ignition.

The children were trying to stop appellant from hitting their mother. As they did so, the victim struck at appellant saying, "Don't hit my mother. Don't hit my mom." At that point, appellant reached over and hit the child. When asked if appellant used his fist, Saucedo stated that she could not remember. Later, the child appellant struck received medical treatment, but was not hospitalized. According to Saucedo, the victim had a bruise on his face that lasted a couple of weeks.

The victim testified that as his mom held onto the truck, appellant started hitting her. The victim then hit appellant to get him to stop and appellant "pushed [him] back with his forearm" and slapped him in the face. The victim further stated that he hit appellant again and did so because appellant was hitting his mother. After his mother fell off of the vehicle, his father drove away. While they were driving around, the victim testified that appellant threatened to cut his throat and leave him out in the country.

2

Officer Leroy Rodriguez with the Childress Police Department testified that he was dispatched on August 3, 2010, to investigate a case of injury to a child. He contacted Saucedo and noticed that she was visibly upset and crying. He also spoke with the victim's brother who was also crying, upset, and angry. Saucedo had bruises on her person, and the officer called for EMS to examine her injuries. After appellant was caught and the child taken to the police station, the officer also noticed that the victim was scared and had "some redness to the right side of his face" and swelling. The jury found appellant guilty of the charged offense.

### Insufficient Evidence

*Use of Appellant's Fist*

Regarding the contention that the State failed to show that a fist was used to strike the boy, we note that appellant was charged with ". . . intentionally or knowingly caus[ing] bodily injury to [the victim], a child 14 years of age or younger, by striking [the victim] in the face with his fist." While there is ample evidence that the boy was struck in the face, nothing illustrates that a fist was used. But, that does not warrant reversal.

In *Carroll v. State*, 698 S.W.2d 278 (Tex. App.–Fort Worth 1985, pet. ref'd), the appellant was charged with injury to a child, the indictment alleging that appellant hit "said child with his fists." The appellant there, like the one here, argued that the State failed to prove he used his "fists" to hit the child, even though evidence did show that the hand was used. The court nonetheless refused to find that the allegation describing the configuration of the appellant's hand was an essential element. It considered the argument "hypertechnical." *Id*. at 279; *see also Taylor v. State,* Nos. 08-97-0461 & 0462-CR, 1999 Tex. App. LEXIS 4021, at *6-7 (Tex. App.–Amarillo May 25, 1999, pet.

3

ref'd) (not designated for publication). We agree with the *Carroll* decision. That appellant utilized an open hand or the like, rather than a fist, to hit the boy is no basis to reverse the conviction as being insufficiently supported by the evidence, and we overrule the contention.[1]

*Bodily Injury*

As for the contention about deficient evidence showing bodily injury, we note that the latter is defined as "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2012). Furthermore, the definition is broad and encompasses even relatively minor physical contact as long as it is more than mere offensive touching. *Reyes v. State,* 83 S.W.3d 237, 239 (Tex. App.–Corpus Christi 2002, no pet.); *Arnold v. State,* 36 S.W.3d 542, 545 (Tex. App.–Tyler 2000, pet. ref'd); *see also Lane v. State,* 763 S.W.2d 785, 787 (Tex. Crim. App. 1989) (holding that a red and purple bruise on the victim's wrist from twisting was sufficient to show bodily injury). Additionally, evidence of a cut, scrape, or bruise on the body is sufficiently indicative of physical pain to establish bodily injury even if there is no testimony the victim felt pain. *Arzaga v. State,* 86 S.W.3d 767, 778 (Tex. App.–El Paso 2002, no pet.).

Here, there is evidence that the victim suffered redness and swelling to the side of his face. His mother also testified that the area changed to a bruise that lasted approximately two weeks. That is some evidence upon which a rational jury could conclude, beyond reasonable doubt, that the child suffered bodily injury. So, we overrule this issue as well.

---

[1]The long and short of it is that it matters not whether the evidence established the particular manner or means by which the child was struck, as alleged in the indictment. Any variance between the evidence proffered at trial and the allegation in the indictment was immaterial. And, if the variance was immaterial, as noted in the *Carroll* opinion, the evidence presented is sufficient to support conviction.

4

Accordingly, we affirm the judgment of the trial court.

Per Curiam

Do not publish.