ACCEPTED
01-13-00805-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/31/2015 2:16:01 PM
CHRISTOPHER PRINE
CLERK

## No. 01-13-00805-CR

In the
Court of Appeals
For the
First Judicial District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/31/2015 2:16:01 PM

CHRISTOPHER A. PRINE
Clerk

## No. 1875634

In the County Criminal Court at Law No. 7 of
Harris County, Texas

**RODNEY CARNELL MAYS**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

STATE'S APPELLATE BRIEF

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ALAN CURRY**
Assistant District Attorney
State Bar # 05263700

**MARIEL DELAGARZA &
BRADLEY MEANS**
Assistant District Attorneys
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
Fax No.: 713/755-5809
curry_alan@dao.hctx.net

ORAL ARGUMENT NOT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State does not request oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

*Counsel for the State:*

**Devon Anderson** – District Attorney of Harris County

**Alan Curry** – Assistant District Attorney on appeal

**Mariel De la Garza** — A Assistant District Attorney at trial

**Bradley Means** — Assistant District Attorney at trial

*Appellant or Criminal Defendant:*

**Rodney Carnell Mays**

*Counsel for Appellant:*

**Daucie Schindler** — Counsel on appeal

**Myron Davis** — Counsel at trial

*Trial Judge:*

**Honorable Pam Derbyshire** — Presiding judge of County Criminal Court at Law No. 7

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT…………………………….. ii

IDENTIFICATION OF THE PARTIES…………………………………….. ii

INDEX OF AUTHORITIES……………………………………………... iv

STATEMENT OF THE CASE…………………………………………....1

STATEMENT OF THE FACTS……………………………………………...1

SUMMARY OF THE ARGUMENTS………………………………………… 3

REPLAY TO APPELLANT'S POINT OF ERROR……………………………… 4

I.   The evidence in the appellate record is sufficient to show that appellant struck complainant with his hand as alleged in the information. …………………….. 4

CONCLUSION…………………………………………………………… 7

CERTIFICATE OF COMPLIANCE…………………………………………… 8

CERTIFICATE OF SERIVICE……………………………………………..... 9

# INDEX OF AUTHORITIES

**CASES**

*Adames v. State*
    353 S.W.3d 854 (Tex. Crim. App. 2011)…………………………………... 4

*Allen v. State*
    36 Tex.Crim. 436, 37 S.W. 738 (1896)………………………………….. 5

*Carroll v. State*
    698 S.W.2d 278 (Tex.App.—Fort Worth 1985, pet. ref'd)………………... 6

*Jackson v. Virginia*
    443 U.S. 307 (1979)…………………………………………………….... 4, 5

*Johnson v. State*
    2002 WL 370199, Tex.App.—Houston (14th Dist.), March 7, 2002, pet.
    ref'd) (not designated for publication)…………………………………….... 6

*Laster v. State*
    275 S.W.3d 512 (Tex.Crim.App. 2009)…………………………………… 5

*Lee v. State*
    No. 01-12-00719-CR, 2013 WL 4676358 (Tex. App. Aug. 27, 2013)…….. 5

*Lewis v. State*
    520 S.W.2d 117 (Tex.Crim.App. 1975)…………………………………… 5

*Malik v. State*
    953 S.W.2d 234 (Tex.Crim.App.1997)…………………………………….. 5

*Sykes v. State*
    2007 WL 2264601 Tex.App.—Houston (1st Dist.), August 9, 2007, pet.
    ref'd) (not designated for publication)…………………………………… 5

*Williams v. State*
    235 S.W.3d 742 (Tex.Crim.App. 2007)…………………………………..... 5

**RULES**

TEX. R. APP. P. 39.1………………………….............................................. ii

TEX. R. APP. P. 38.2(a)(1)(A)………………………........................... ii

TEX. R. APP. P. 9.4(g)…………………….......................................... ii

TEX. R. APP. P. 9.4(i)………………………........................................ 9

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The State charged appellant by information with assault of a family member (CR at 6; 1 RR Supp. at 4-5). Appellant entered a plea of not guilty, and requested a bench trial (CR at 47; RR Supp. at 5). The trial court found appellant guilty and sentenced appellant to 56 days confinement in the Harris County Jail, following the agreed punishment recommendation by the State (CR at 49-50; 2 RR Supp. at 47). Appellant filed timely notice of appeal (CR at 54). Appellant's counsel on appeal filed a motion to withdraw, but was denied by this Court (CR Supp. at 4). This Court also abated the appeal to determine if appellant wanted to actually pursue this appeal (CR Supp. at 3-5). The trial court determined that appellant did want to pursue the appeal; also that appellant was indigent and appointed appellant counsel (CR Supp. at 6-7).

## STATEMENT OF THE FACTS

Appellant and complainant first met in early 2009 at a shopping mall (1 RR Supp. at 10). Appellant informed complainant that he was a counselor for troubled teens, youth, and young adults (1 RR Supp. at 10). Complainant was led to believe that appellant could help her get over what she had been going through (1 RR Supp. at 10). The two exchanged phone numbers and began talking via phone (1 RR Supp. at 10). After a month or two after first meeting, appellant and

1

complainant arranged to meet again for what complainant thought would be a counseling session (1 RR Supp. at 11).

Appellant picked up complainant from her father's home and drove the pair to a studio house party (1 RR Supp. at 11). After leaving the party, appellant and complainant returned to his car and engaged in sexual intercourse (1 RR Supp. at 12). Complainant became pregnant following the encounter (1 RR Supp. at 12). At the time, Complainant believed the baby belonged to her then-fiancé and therefore did not inform appellant of her pregnancy (1 RR Supp. at 13). It was only during subsequent child custody collection proceedings between her and her ex-fiancé that complainant found out appellant was the father of her child (1 RR Supp. at 13). Complainant informed appellant about their child and allowed visitation on a restricted basis due to the child's severe asthma (1 RR Supp. at 14).

On December 18, 2012, complainant contacted appellant when their son needed to be taken to the hospital for an asthma treatment (1 RR Supp. at 15). Appellant drove complainant and their son to the hospital, and also offered to drive them home (1 RR Supp. at 16). However, appellant did not drive complainant home, but drove them back to his condo instead (1 RR Supp. at 16). Complainant did not want to go to appellant's condo because she feared that she would be alone with appellant sexually (1 RR Supp. at 16).

Upon arrival to appellant's condo, complainant removed her son from the car, along with his booster seat and diaper bag, and proceeded to the bus stop. (1 RR Supp. at 17-18). Appellant became mildly upset at complainant and pleaded with her to stay (1 RR Supp. at 18). As complainant continued to walk away, appellant attempted to grab their son and then his booster seat to make the complainant stay (1 RR Supp. at 18). Appellant then walked around in front of complainant and stood in front of her with his fist balled up in the air, ranting and raving at complainant (1 RR Supp. at 18-19). Complainant told appellant that she "wished he would" and walked around appellant, still holding her son (1 RR Supp. at 19).

As complainant walked away, appellant punched her in the back of the head (1 RR Supp. at 19). Complainant immediately felt pain and struggled to maintain her balance as she began to fall forward (1 RR Supp. at 19). Complainant lost her balance and fell to the ground, landing on her bottom first and then hitting her head on a door (1 RR Supp. at 20). Appellant had walked away after he punched complainant (1 RR Supp. at 20). After collecting herself and assuring her son's safety, complainant called 911 to report the assault. (1 RR Supp. at 20).

3

# SUMMARY OF THE ARGUMENT

The trial court properly denied Appellant's Motion for an Instructed Verdict because the State presented evidence that was sufficient to prove beyond a reasonable doubt that appellant struck complainant with his hand.

# REPLY TO PPELLANT'S POINT OF ERROR

**I.** **The evidence in the appellate record is sufficient to show that appellant struck complainant with his hand as alleged in the information**.

Appellant argues that a directed verdict was proper because the State failed to satisfy the manner and means requirement for assault, specifically that the complaint was struck by appellant's hand as alleged in the information. Appellant relies on the fact that the complainant did not actually see him strike her, with his hand or otherwise as the basis of his appeal.

*Standard of Review*

In a sufficiency review, an appellate court reviews all the evidence in the light most favorable to the verdict to determine whether any rational tried of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011). Viewed in the light most favorable to the verdict, the evidence is insufficient under this standard in two circumstances: (1) the record

4

contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt. *Lee v. State*, No. 01-12-00719-CR, 2013 WL 4676358 (Tex. App. Aug. 27, 2013), citing *Jackson*, 443 U.S. at 314, 318 n. 11, 320; *Laster v. State*, 275 S.W.3d 512, 518 (Tex.Crim.App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007). When reviewing the sufficiency of the evidence, the essential elements of the offense are those of a hypothetically correct jury charge. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997). This standard can uniformly be applied to all trials, whether to the bench or to the jury. *Id.*

*Analysis*

Appellant first argues that because complainant had her back turned to the appellant prior to the assault, complainant did not actually see how he hit her in the back of the head (Appellant's Brief at 10). Appellant attempts to distinguish the present case from *Carroll v. State*, 698 S.W.2d 278 (Tex.App.—Fort Worth 1985, pet. ref'd). In *Carroll*, the court held that there was no material variance between the indictment, which alleged that the defendant hit the victim with his fist, and the proof which defendant contented did not show he used a fist to hit the victim. The *Carroll* court looked to *Allen v. State*, 36 Tex. Crim. 436, 37 S.W. 738 (1896) which held that it was hypercritical to distinguish between a hand and a clenched fist when the proof established that appellant struck the victim with his hand.

5

In the present case, there is sufficient evidence that appellant struck the head with his hand. Complainant's testimony specifically established how appellant assaulted her: by punching her in the back of her head. Complainant testified that appellant "got angry and punched me in the back of the head" (1 RR Supp. at 19). The fact finder, in this case the trial court, was free to define the term "punched" to its ordinary usage and meaning, to strike with a hand. *Johnson v. State*, 2002 WL 370199, Tex.App.—Houston (14th Dist.), March 7, 2002, pet. ref'd) (not designated for publication). Appellant correctly notes that, in *Johnson,* there was a witness that saw the defendant punch the victim. In the present case, there was no witness to the assault. However, during the State's case in chief, complainant stated that prior to the assault, appellant "… walked around in front of me with his fists balled up in the air…" and then she walked around appellant to continue to leave. (1 RR Supp. at 18). It was within the discretion of the trial court to interpret "punch" has a strike with the hand, even without a witness to the assault.

Furthermore, the trial court held that the evidence was sufficient to prove the manner and means of the assault (1 RR Supp. at 24-25). The State proved the offense alleged in the indictment though complainant's testimony. The record contains sufficient evidence that is probative of an element of assault. Thus, this Court should overrule appellant's first point of error and uphold his conviction.

6

# CONCLUSION

The State of Texas respectfully urges the Court to overrule appellant's point of error and affirm his conviction.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ *Alan Curry*

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned attorney certifies that this computer-generated document has a word count of 1,254 words, based upon the representation provided by the word processing program that was used to create the document. TEX. R. APP. P. 9.4(i).

/s/ *Alan Curry*

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

## CERTIFICATE OF SERVICE

The State will mail a copy of the foregoing instrument to appellant's attorney at the following address:

Daucie Schindler
Attorney at Law
1201 Franklin, 13th Floor
Houston, Texas  77002

/s/  *Alan Curry*

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

Date: July 31, 2015