

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOE LEE JORDAN, | § | No. 08-15-00138-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 219th District Court |
| THE STATE OF TEXAS, | § | of Collin County, Texas |
| Appellee. | § | (TC#219-80717-2014) |
| | § | |

## MEMORANDUM OPINION

A jury found Appellant Joe Lee Jordan guilty of aggravated assault with a deadly weapon, and the trial court sentenced Appellant to forty years' incarceration. In his sole issue on appeal, Appellant contends the evidence is insufficient to prove he caused bodily injury by "punching" the complainant with "brass knuckles" as alleged in the indictment. We affirm.[1]

To determine if there is sufficient evidence to support a criminal conviction, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original); *see Thomas v. State*, 444 S.W.3d 4, 8 (Tex.Crim.App. 2014); *Thornton v. State,* 425

---

[1] This case was transferred from the Dallas Court of Appeals, and we decide it in accordance with the precedent of that Court to the extent required by TEX. R. APP. P. 41.3.

S.W.3d 289, 303 (Tex.Crim.App. 2014). To determine whether the State has met its burden under *Jackson* to prove a defendant guilty beyond a reasonable doubt, we compare the elements of the crime as defined by the hypothetically correct jury charge to the evidence adduced at trial. *See Thomas*, 444 S.W.3d at 8; *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). A hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Thomas*, 444 S.W.3d at 8; *Malik,* 953 S.W.2d at 240. The "law as authorized by the indictment" consists of the statutory elements of the offense and those elements as modified by the indictment. *Thomas*, 444 S.W.3d at 8; *see Curry v. State,* 30 S.W.3d 394, 404 (Tex.Crim.App. 2000).

It is "those elements as modified by the indictment" that are the focus of Appellant's appeal. The indictment alleged that on or about November 20, 2013, Appellant caused bodily injury to the victim "by punching [the complainant] with defendant's hand while wearing brass knuckles," and that Appellant used and exhibited "a deadly weapon, to-wit: brass knuckles, during the commission of said assault[.]" Appellant contends the evidence is insufficient because, as alleged in the indictment, the State was required, but failed, to prove that he "punched" the complainant or that he used and exhibited "brass knuckles."

Appellant first argues that the State failed to prove he injured the complainant by "punching" her. Appellant concedes that the complainant in her testimony "uses the word 'hit' to describe the assault on numerous occasion[s]." Appellant contends, however, that she never used the term "punched" when describing the assault. But, the victim did in fact testify not only that

2

Appellant "hit" her "with brass knuckles," but also that she was "punched" by Appellant "with brass knuckles":

Q. What happened to you, Tabitha?

A. I got hit with brass knuckles.

Q. And are you positive that it was [Appellant] who hit you?

A. Yes, ma'am.

Q. And are you positive that he was wearing those brass knuckles when he hit you in the face?

A. Yes, ma'am.

Q. And are you positive that he punched you in your mouth, causing that injury to you?

A. Yes, ma'am.

In any event, it is well settled that a hypothetically correct jury charge need not incorporate allegations that would give rise to only immaterial variances. *See Thomas*, 444 S.W.3d at 9 (citing *Geick v. State,* 349 S.W.3d 542, 545 (Tex.Crim.App. 2011)); *see, e.g., Gollihar v. State,* 46 S.W.3d 243, 256 (Tex.Crim.App. 2001) (that the indictment alleged the incorrect serial number for a stolen Go Kart was immaterial and did not warrant reversal because the serial number was not a statutory element and the appellant was not prejudiced by use of the incorrect serial number).   We conclude that any variance between "punch" and "hit" is immaterial and therefore would not warrant reversal because "punch" is not a statutory element of aggravated assault. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1) (West Supp. 2015), 22.02(a)(2) (West 2011) (a person commits aggravated assault if the person intentionally, knowingly, or recklessly causes bodily injury to another and uses or exhibits a deadly weapon).

We also need not determine whether any alleged variance prejudiced Appellant's substantive rights because our review of the evidence reveals no actual variance between the charging instrument and the proof offered at trial. As noted above, the complainant testified that Appellant "punched" her. Further, the jury was free to assign to the term "punch" its common and ordinary meaning. *See Alexander v. State*, 906 S.W.2d 107, 111 (Tex.App. – Dallas 1995, no pet.) ("In the absence of a statutory definition, words are to be taken and understood in their common and ordinary meanings[,]" and "[j]urors are presumed to know and apply such common and ordinary meanings.") (citing *Williams v. State*, 674 S.W.2d 315, 322 (Tex.Crim.App. 1984), and *Cuevas v. State*, 742 S.W.2d 331, 346 (Tex.Crim.App. 1987)). The dictionary defines "punch" to include a "quick blow with or as if with the fist." Merriam-Webster's Collegiate Dictionary 1008 (11th ed. 2014). Therefore, the jury was free to interpret testimony of a "hit" as a "punch." Accordingly, there is no variance between the indictment and the proof at trial. *See Johnson v. State*, No. 14-01-00410-CR, 2002 WL 370199, at *3 (Tex.App. – Houston [14th Dist.] Mar. 7, 2002, pet. ref'd) (rejecting variance claim because proof at trial of a "punch" was sufficient to show defendant caused injury by "striking the complainant with his hand," as alleged in the indictment); *see also Carroll v. State,* 698 S.W.2d 278, 279 (Tex.App. – Fort Worth 1985, pet. ref'd) (rejecting variance claim and finding it "hypercritical" to argue that evidence of hitting with hand is not sufficient proof of hitting with fist, as charged in indictment). We conclude the evidence is sufficient to support the conclusion that Appellant punched the complainant.

Likewise, we reject Appellant's claims that the evidence was insufficient to show that he used knuckles to assault the complainant and that the knuckles were in fact made of brass, as alleged in the indictment. As noted above, the complainant testified that Appellant hit and

4

punched her "with brass knuckles." Further, although the complainant testified that she did not actually see Appellant hit her because it happened so quickly and unexpectedly and although the brass knuckles were never recovered, the complainant also testified that immediately after she was struck, she looked at Appellant and he was adjusting brass knuckles on his fingers. Moreover, the complainant and her father testified that they had previously seen the brass knuckles attached to Appellant's belt buckle. In addition, the blow was sufficiently severe that one tooth was "punched into the roof of [the complainant's] mouth" and another was loosened, and both teeth eventually fell out. This evidence was sufficient for the jury to reasonably conclude Appellant struck the complainant with knuckles. *See Revell v. State*, 885 S.W.2d 206, 209-10 (Tex.App. – Dallas 1994, pet. ref'd) (evidence held sufficient to support conviction for aggravated assault with a deadly weapon even though victim did not see the weapon, where victim's hand was cut and victim thought it had been cut by a knife).

The evidence was also sufficient to show that the knuckles were made of "brass" as alleged in the indictment. As set out above, the complainant testified that Appellant struck her with "brass knuckles." Further, a police officer identified a picture of a similar weapon as "brass knuckles." In any event, Appellant's defensive theory was that he did not use knuckles to hit the complainant but merely slapped her. As the State points out, Appellant's defense was not based on the material the knuckles were made from. Therefore, the indictment's deadly weapon allegation was sufficient for Appellant to prepare a defense to that allegation. Accordingly, any variance from the evidence at trial was immaterial. *See Flenteroy v. State*, 187 S.W.3d 406, 411 (Tex.Crim.App. 2005) (where indictment informed appellant that State would seek deadly weapon finding, and appellant's defense was that he did not use any kind of weapon at all, appellant's

5

defense was not affected by the allegation in indictment that he used a "screwdriver," and thus variance from proof at trial that he used a "hard metal-like object" was immaterial).   We conclude the evidence was sufficient for the jury to reasonably conclude that Appellant used and exhibited brass knuckles in his assault on the complainant.

Accordingly, we overrule Appellant's sole issue on appeal and affirm the judgment.   The trial court certified Appellant's right to appeal in this case, but the certification does not bear Appellant's signature indicating that he was informed of his rights to appeal and to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals.   *See* TEX. R. APP. P. 25.2(d).   The certification is defective, and has not been corrected by either Appellant's attorney or the trial court.   To remedy this defect, this Court orders Appellant's attorney, pursuant to TEX. R. APP. P. 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a pro se petition for discretionary review, and to inform Appellant of the applicable deadlines.   *See* TEX. R. APP. P. 48.4, 68. Appellant's attorney is further ordered to comply with all of the requirements of TEX. R. APP. P. 48.4.

STEVEN L. HUGHES, Justice

July 6, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)